UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JESSE MURRAH                                                                                                                PLAINTIFF

v.                                                                       NO. 3:18-CV-217-CRS

TDY INDUSTRIES, LLC                                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

TDY Industries, LLC ("TDY"), the prevailing party in this matter, submitted a bill of costs (DN 79) in accordance with Fed.R.Civ.P. 54(d). The rule provides that "[u]nless a statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." TDY prevailed in this action, obtaining a dismissal with prejudice on summary judgment (DNs 77, 78).

Rule 54(d)(1) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Stover v. Amazon.com, LLC*, No. 5:19-cv-054-JMH, 2021 WL 1215782, *1 (E.D.KY. March 30, 2021)(quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). "'The party objecting to the taxation bears the burden of persuading the Court that taxation is improper.' *Roll v. Bowling Green Metal Forming, LLC.*, 2010 U.S. Dist. LEXIS 78946, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) (citing *BDT Prods., Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 420, abrogated in part on other grounds, (6th Cir. 2005))." *Faith v. Warsame*, No. 3:18-CV-323-CRS, 2020 WL 981711, at *1 (W.D. Ky. Feb. 28, 2020).

The plaintiff, Jesse Murrah, has objected to the Bill of Costs on two grounds.

First, Murrah urges that the Court should deny costs to TDY due to Murrah's purported inability to pay. "Although the ability of the *winning* party to pay his own costs is irrelevant, *id.*[1] at 730, another factor weighing in favor of denying costs is the indigency of the *losing* party. *Jones,*[2] 789 F.2d at 1233." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)(emphasis added). However, it is but one factor and "indigency ... does not 'provide an automatic basis for denying taxation of costs against an unsuccessful litigant.' " *Stover, supra.* at *1 (quoting *Singleton*, 241 F.3d at 538).

Murrah has failed to offer any proof of indigency. He has provided one paragraph in his brief in which he states that he "has seen a tremendous loss of income and money due to the injuries that were the subject of this case, forcing him to change professions from being a truck driver due to the injuries, leaving him with difficulty in day-to-day living expenses, and certainly not in a position to pay $4,321.57 to the Defendants." DN 80, p. 3. He indicates that he is presently working part-time as a minister doing on-line services due to COVID restrictions. *Id.*

Murrah has provided no documentation whatsoever to verify his contention that he is unable to pay costs in this case. He says in his objections "as found in Plaintiff's deposition" and "Also, per his deposition" but the Court has not been provided that deposition, an affidavit of Murrah, or even an attempt at quantification of his purported indigency in his brief. He states only in the broadest generalities that he has seen a "tremendous loss" and he has an "inability to pay." *Id*. Thus, on the present record, Murrah has failed to meet his burden to establish this ground. *See Berryman v. Hofbauer*, 161 F.R.D. 341, 346 (E.D.Mich. 1995)("[I]t is plaintiff's burden of proof to show that he is unable to pay costs, not defendant's burden to establish plaintiff's solvency." Objections to Bill of Costs overruled); *Moore v. Weinstein Co. LLC,* 40 F.Supp.3d 945 (M.D.Tenn. 2014)(Objections to Bill of Costs denied; no documentation provided).

In *Greene v. Fraternal Order of Police*, 183 F.R.D. 445, 449 (E.D.Pa. 1998), the plaintiffs objected to the bill of costs arguing, in part, that they should not be made to pay costs because their claim

---

[1] *White & White, Inc. v. American Hosp. Supply Corp.,* 786 F.2d 728, 730 (6th Cir.1986).
[2] *Jones v. Continental Corp.,* 789 F.2d 1225, 1233 (6th Cir.1986).

was not frivolous and it would be difficult or impossible for them to pay the costs assessed. 183 F.R.D. at 448. The court rejected these arguments, stating, in pertinent part:

> [T]he mere fact that plaintiffs' claim was not frivolous does not mean that they should be relieved of the burden of paying costs. The Rule 54 standard does not equate costs with a penalty for bringing an unmeritorious action; rather, the Third Circuit has ruled that for a district court to *deny* costs to a prevailing party is in the nature of a penalty. *See Institutionalized Juveniles v. Secretary of Pub. Welfare,* 758 F.2d 897, 926 (3d Cir.1985). Costs are assessed against losing parties bringing such socially useful actions as qui tam suits and civil rights suits. *See, e.g., United States v. Osteopathic Med. Ctr.,* Civ.A. No. 88–9753, 1998 WL 199663 (E.D.Pa. Apr. 24, 1998).
>
> The court is thus left with plaintiffs' claims regarding inequity based on ability to pay…Even a losing party that is unable to pay is not "automatically exempted" from costs—even parties proceeding in forma pauperis may be taxed costs. *See id.* at 100. Only if the record itself demonstrates a party's actual inability to pay may a court decrease costs on this basis. *See id.*
>
> In this case, while plaintiffs have asserted that it would be difficult or perhaps impossible for them to pay the costs they have been assessed, no record has been established that would permit the court to conclude that these unsuccessful plaintiffs should be relieved of their duty to pay costs. The only information this court has regarding the plaintiffs' ability to pay are counsel's unsubstantiated statement that Mr. Greene and Mr. Lewis do not have the resources to meet this burden. *See* Plfs.' Mot. at 6. This is insufficient to overcome the strong presumption that the losing party must pay costs. *See, e.g., Briscoe v. City of Philadelphia,* Civ.A. No. 95–1852, 1998 WL 52064, *2 (E.D.Pa. Jan. 28, 1998) (acknowledging that court may consider indigency but refusing to do so because plaintiff provided no documentation besides allegations in her motion); *McGuigan v. CAE Link Corp.,* 155 F.R.D. 31, 35 (N.D.N.Y.1994) (refusing to reduce costs because plaintiff did not adequately document inability to pay).

*Id.* at 448-449.

We find similar language in cases from courts within the Sixth Circuit. In *Frye v. Baptist Memorial Hosp., Inc.*, 863 F.Supp.2d 701 (W.D.Tenn. 2012), the court rejected the plaintiff's assertion of an inability to pay costs:

> Frye argues that he would be impoverished by being required to pay costs. "Among the factors the district court may properly consider in denying costs to a prevailing party ... [is] the losing party's inability to pay." *Texler v. Cnty. of Summit Bd. of Mental Retardation and Developmental Disabilities,* Nos. 92–3205, 92–3807, 92–3758, 1994 WL 252938, at *9, 1994 U.S.App. LEXIS 14421, at *25–26 (6th Cir. June 4, 1994).
>
> Although the losing party's indigent status is a relevant factor, *Singleton,* 241 F.3d at 539, Plaintiff has not submitted sufficient evidence to justify denying costs. "The burden is on the losing party to show that she is unable, as a practical matter and as a matter of equity, to pay the defendant's costs." *Tuggles v. Leroy–Somer, Inc.,* 328 F.Supp.2d 840, 845

>(W.D.Tenn.2004) (citation omitted). "To invoke the inability to pay factor, a party must demonstrate not merely that payment would be a burden, but that she is indigent." *Id.* (citation omitted). "A party is indigent if she is 'incapable of paying the court-imposed costs at this time or in the future.' " *Id.* (quoting *McGill v. Faulkner,* 18 F.3d 456, 459 (7th Cir.1994)). "The losing party, however, must show an inability to pay to overcome the presumption that the prevailing party is entitled to recover costs. Such a showing can be made upon providing actual documentation of the inability to pay." *Lewis v. United States,* No. 02–2958 B, 2006 WL 1628091, at *2, 2006 U.S. Dist. LEXIS 17987, at *2 (W.D.Tenn. Apr. 7, 2006) (quoting *Richins v. Deere & Co.,* 229 F.R.D. 189, 192 (D.N.M.2004)).
>
>Frye has not provided sufficient details of his financial condition to demonstrate that he cannot pay the court-imposed costs at this time or in the future. *See, e.g., Lewis,* 2006 WL 1628091, at *1, 2006 U.S. Dist. LEXIS 17987, at *1–2 (affirming taxation of costs against plaintiff where he claimed that he had "virtually no money" and had been unemployed for five years). Frye's affidavit details his income and expenses, but it does not show why he would be rendered insolvent if ordered to pay costs. (*See* Frye Aff. 1–2, ECF No. 416–1); *see also Lewis,* 2006 WL 1628091, at *1, 2006 U.S. Dist. LEXIS 17987, at *1–2; *Tuggles,* 328 F.Supp.2d at 846 (declining to waive an award of costs based on plaintiff's financial condition where plaintiff presented an affidavit from the Chapter 7 Trustee for her bankruptcy estate stating that her estate had no assets and from herself stating that her income only allowed payment of her monthly bills); *Richins,* 229 F.R.D. at 194 (affirming taxation of costs because plaintiffs did not offer "the detailed and specific information that the Court could use to determine whether they could pay an $8,000 cost bill"). Given the information before the Court, there is no reason that, as the Clerk of Court concluded, Frye could not enter into an ("installment pay back agreement ... to facilitate [ ] payment[ ]."). (Bill of Costs 5.)

863 F.Supp.2d at 710-711.

In the sole case relied upon by Murrah, *Doe v. Rutherford Cnty, Tenn, Bd. of Ed.*, 86 F.Supp.3d 831 (M.D.Tenn. 2015), the plaintiff filed affidavits in support of her inability to pay costs and the defendant did not challenge that financial data. *See also, Stover v. Amazon.com, LLC*, *supra.* (affidavit submitted; rejected argument of inability to pay); *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449 (3d Cir. 2000)(affidavits submitted; remanded to consider this evidence and "indigency or inability to pay" factor); *Crow v. Best Buy Co., Inc.*, 299 F.Supp.2d 802 (N.D.Ohio 2004)("unchallenged and incontestable" showing of indigency; $46,000 in costs denied).

Murrah has failed to provide any evidence to verify his contention that he is unable to pay costs and he has failed to argue this point with any specificity. While this Court could reject the plaintiff's

4

assertion of indigency as unsupported, we will permit the plaintiff to offer proof, if he has it, in the form of a sworn affidavit, documentation, or other reliable evidence and the Court will revisit his argument.

Second, Murrah contends that he put forth strong evidence that TDY was negligent and therefore TDY had "unclean hands" and should not recover its costs. He argues that

> Under this doctrine, trial courts may deny, in whole or in part, relief to a litigant with unclean hands. Such is the case here. There is no doubt that under the common law, Defendant was negligent and that the negligence caused the injuries incurred by the Plaintiff. Under Kentucky's comparative fault doctrine, that should be enough. However, the Court in this case held that the Defendant did not have a duty under federal 'Savage' rule."

DN 80, p. 3. As explained below, Murrah's "unclean hands" argument misconstrues the nature of the doctrine and thus tries to apply it in a situation in which it is inapplicable.

As an initial matter, "[t]he maxim that one who seeks equity must do equity applies to any party seeking affirmative equitable relief." 30A C.J.S. Equity § 109. Here, it is Murrah rather than TDY who seeks equitable relief. TDY filed its Bill of Costs in accordance with the Federal Rules of Civil Procedure which provide for an order for the payment of costs to the prevailing party in the ordinary course. It is Murrah who seeks an exercise of judicial discretion to disallow the award under the Rule. Thus, it is he who must present his request for equitable relief with clean hands. *Id.* ("[the maxim] does not bind one who does not seek affirmative equitable relief."). Murrah has attempted to apply this principle incorrectly.

The sole case cited by Murrah affords him no assistance. He cites *Precision Inst. Mfg. Co. v. Auto. Maint. Mach. Co.,* 324 U.S. 806, 65 S.Ct. 993, 89 L.Ed. 1381 (1945), a case in which perjured testimony was utilized by the plaintiff who sought to enforce certain patent rights. The Supreme Court indicated that "suitors are required to have acted fairly and without fraud or deceit as to the controversy in issue." *Id.* at 814. The Court noted that the act of perjury failed to meet minimal ethical standards (*Id.* at 818) and stated that "any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for invocation of the maxim…" *Id.* at 815.

There is no allegation that TDY engaged in unethical conduct, as, indeed, there is no such evidence. TDY was sued by Murrah for negligence and TDY then asserted a legitimate legal defense to liability in this case. There is nothing unethical about standing on one's rights, be he an individual or a corporation. Indeed, that is what counsel on both sides of the "v" are expected to do in representing their clients.

The *Savage* Rule is well-established in the law,[3] and this Court determined that it applied to preclude recovery for Murrah in this case. TDY's submission of its Bill of Costs as the prevailing party in the case is expected and proper under the Federal Rules. The argument asserting that TDY has come to court with "unclean hands" is rejected.

To the extent that Murrah opines that application of the *Savage* rule yields an unfair result, his opinion is duly noted, but this Court is bound to apply the law that it predicts would be applied by the Commonwealth's highest court were the case before it. For the reasons stated in the Court's Memorandum Opinion, we predict that Kentucky would recognize and apply the *Savage* rule as many other jurisdictions have done in similar circumstances. Neither the result nor the assertion that TDY is somehow "tainted with inequitableness" (DN 80, p. 3) because it sought such a ruling is without merit.

Finally, Murrah has not contested the costs themselves and they appear to be properly documented, reasonable, and have been attested to as necessary in the case. As noted previously, however, the Court will permit Murrah a period of time in which to supplement the record.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED** that

1. The objections of plaintiff Jesse Murrah to the Bill of Costs (DN 80) are **OVERERULED** to the extent he relies on the principle of "unclean hands."

---

[3] *See generally,* Williston on Contracts (4th Ed.), §§ 59.34 Shippers Fault; 59.36 Effect of Carrier's Fault as Contributory Cause of Loss.

2. Plaintiff Jesse Murrah is afforded a period of **FOURTEEN (14) DAYS FROM THE DATE OF ENTRY OF THIS ORDER** in which to supplement the record as provided in this opinion in support of his argument that he is unable to pays costs in this case. The matter will then be taken under advisement again for further consideration of this issue.

**IT IS SO ORDERED.**

November 10, 2021

cc:   Counsel of Record

Charles R. Simpson III, Senior Judge
United States District Court